UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GERALD DIKES,<br><br>    Plaintiff,<br><br> v.<br><br>MS. DIAZ, et al.,<br><br>    Defendants. | Case No.: 1:23-cv-00370-JLT-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION DEADLINE** |

  Plaintiff Michael Gerald Dikes is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. INTRODUCTION**

  On November 5, 2024, the Court issued its First Screening Order. (Doc. 8.) It determined Plaintiff failed to state a claim upon which relief could be granted. (*Id*. at 4-9.) As a result, Plaintiff was directed to file, within 21 days of the date of service of the order, either a first amended complaint curing the deficiencies identified in the screening order, or a notice of voluntary dismissal. (*Id*. at 9-10.)

  More than 21 days have passed, and Plaintiff has failed to comply with the Court's screening order.

//

//

## II. DISCUSSION

### *Applicable Legal Standards*

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

### *Analysis*

Here, Plaintiff has failed to file a first amended complaint, a notice of voluntary dismissal, or any other pleading following this Court's issuance of a screening order. Given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to obey orders and failure to prosecute this action. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its

docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, the screening order directed Plaintiff to file either a first amended complaint curing the deficiencies identified in the order, or to file a notice of voluntary dismissal, within 21 days. Plaintiff has taken no action whatsoever. Because Plaintiff has failed to comply with the screening order, his inaction amounts to an unreasonable delay in prosecuting this case resulting in a presumption of injury. Thus, the third factor — a risk of prejudice to the defendants — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He has failed to comply with the screening order and has stopped communicating with the Court. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's orders or rules will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the First Screening Order issued November 5, 2024, expressly warned: "**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for failure to obey court order and for failure to prosecute**." (Doc. 8 at 10, emphasis in original.) Further, in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued March 14, 2023, Plaintiff was advised as follows: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition

3

of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 3 at 1.) That same order advised Plaintiff that "all Court deadlines are strictly enforced." (*Id*. at 5.) Thus, the undersigned finds Plaintiff had adequate warning that dismissal could result from his noncompliance with this Court's orders. Thus, the fifth factor — the availability of less drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with this Court's orders, and in doing so, has failed to prosecute this action. It is Plaintiff's responsibility to comply with Court orders and to prosecute this action.

### III.     CONCLUSION AND RECOMMENDATION

Accordingly, the Court **RECOMMENDS** that this action be dismissed, without prejudice, based on Plaintiff's failure to obey Court orders and to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

//
//
//
//
//

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: __December 4, 2024__                    _____
                                                UNITED STATES MAGISTRATE JUDGE